David S. Barrett (SBN 209986)
david@dsblawoffice.com
LAW OFFICE OF DAVID BARRETT
117 'J' Street, Suite 300
Sacramento, CA 95814
Telephone: (916) 440-0233
Facsimile: (916) 440-0237

Stephen M. Ferguson (*pro hac vice* to be filed)
stephen.ferguson@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C., ECHOSTAR TECHNOLOGIES CORPORATION, and NAGRASTAR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> VIEWTECH, INC., JUNG KWAK, and DOES 1-10, <br><br> Defendants. | Case No. <br><br><br> Southern District of California, Case No. 07-CV-01273 W (WVG) <br><br> **PLAINTIFFS' MOTION TO COMPEL SONNY DLAHIWAL, D/B/A TRANSWORLD FTA TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA** <br><br> [DECLARATION OF STEPHEN M. FERGUSON AND PROPOSED ORDER FILED CONCURRENTLY] |

### I. INTRODUCTION

DISH Network is in the business of providing copyrighted pay-TV programming via satellite broadcast to its more than 14 million authorized subscribers across the U.S. This programming comes from content providers such as HBO, ABC, CNBC, CNN, ESPN, subscribers' local network channels, pay-per-view programming, and hundreds of other content providers. To protect this programming from unauthorized access (i.e., satellite piracy), DISH Network encrypts its DISH Network programming with technology provided by Plaintiff NagraStar. Authorized subscribers of DISH Network are provided a satellite dish and receiver (or set-top box) which grants them access to decrypt only the copyrighted programming included in that subscriber's authorized programming package. DISH Network expends millions of dollars and other substantial resources to protect its signal from satellite piracy—a problem that costs Plaintiffs tens of millions of dollars annually.

Defendants Viewtech, Inc. and Jung Kwak (collectively "Viewtech") are in the business of trafficking in "Viewsat" receivers which, according to DISH Network's complaint, are primarily designed, marketed-for, and used for the piracy of DISH Network programming. Viewtech distributes these Viewsat receivers through a network of authorized dealers. DISH Network's complaint asserts claims against Viewtech for, *inter alia*, violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et seq*., the Communications Act, 47 U.S.C. § 605 *et seq*., and the Electronic Communications Privacy Act ("Wiretap Act"), 18 U.S.C. § 2511(1)(a). (Ferguson Decl. ¶ 2, Ex. 1 (Compl. ¶¶ 49, 56, 61, 66.)) Core elements of DISH Network's claims include: (a) Viewtech's and its authorized dealers' promotion of Viewsat receivers to their customers as being capable of pirating DISH Network programming; (b) assistance provided by Viewtech and its authorized dealers to Viewsat purchasers in using those receivers for pirating DISH Network programming; (c) the distribution of Viewsat receivers which have only limited commercially significant use other than to circumvent DISH Network programming; and (d) the distribution of Viewsat receivers which are primarily of assistance in the unauthorized interception and decryption of DISH Network

programming. Viewtech denies DISH Network's allegations in its Answer. (Ferguson Decl. ¶ 3, Ex. 2 (Answer ¶¶ 49, 56, 61, 66.))

To support DISH Network's claims, DISH Network served Viewtech's dealers with subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure seeking fifteen categories of documents and information relevant to the issues in the case. Sonny Dlahiwal, d/b/a Tranworld FTA ("Dlahiwal") is one such dealer served with a Rule 45 subpoena. (Ferguson Decl. ¶ 4, Ex. 3 (Subpoena.)) Despite proper service and follow-up meet and confer attempts by DISH Network, Dlahiwal has failed to respond to the Rule 45 subpoena by producing responsive documents and information or raising objections. (Ferguson Decl. ¶ 5, Ex. 4 (Proof of Service); Ferguson Decl. ¶¶ 6, 9, Exs. 5, 9 (Meet and Confer Letters.))

## II. LEGAL STANDARD

"Litigants have a right to every man's evidence and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotations omitted). A party may discover any nonprivileged matter that is relevant to any party's claim. Fed. R. Civ. P. 26(b)(1). To be relevant the information sought must only be reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Degen v. U.S.*, 517 U.S. 820, 825-26, 116 S. Ct. 1777, 1782 (1996). A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(C).

The nonparty served with a subpoena must make any objections it has before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(c)(2)(B); *see also Mori v. Baroni*, No. CIV-S-07-0295-JAM GGH, 2008 WL 2509143, at *2 (E.D. Cal. June 23, 2008). A nonparty's failure to timely make objections results in the waiver of all objections, including attorney-client privilege. *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Furthermore, Rule 45(c)(2)(B) dictates that the recipient of a subpoena must raise all objections at once, rather than in staggered batches, so that discovery does not become a "game." Fed. R. Civ. P. 45(c)(2)(B).

If a nonparty fails to produce the requested documents, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a). On a motion to compel discovery, the party resisting discovery bears the burden of showing that the information requested is not discoverable. *Sullivan v. Prudential Ins. Co. of America*, 233 F.R.D. 573, 574-75 (C.D. Cal. 2005). The court has discretion to determine whether to grant a motion to compel. *See Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987).

**III.   ARGUMENT**

A.   DISH Network's Subpoena Was Properly Issued And Served

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, DISH Network served the subpoena on Dlahiwal on or about June 12, 2009 ("Subpoena"). (Ferguson Decl. ¶¶ 4-5, Exs. 3, 4.) The Subpoena seeks information related to DISH Network, pirate software that can enable Viewsat receivers to pirate DISH Network programming, satellite television piracy, Viewtech's and its dealers' marketing efforts, and documents identifying each person that purchased or otherwise acquired a Viewsat receiver from Dlahiwal during the period January 1, 2004 to present date.[1] (Ferguson Decl. ¶ 4, Ex. 3 at 3-5.)   More specifically, the Subpoena requests are as follows:

> 1.   All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to factory firmware for Viewsat receivers.
>
> 2.   All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to pirate firmware for Viewsat receivers.
>
> 3.   All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to the design of Viewsat receivers.

---

[1] On July 11, 2009 and December 2, 2009, the Southern District of California ordered that DISH Network is entitled to documents identifying each person that purchased or acquired a Viewsat receiver from Viewtech's dealers. (Ferguson Decl. ¶¶ 7-8, Exs. 6-7.)

    4.    All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to the use, features, or functionality of Viewsat receivers.

    5.    A copy of each advertisement, marketing, or promotional effort by Viewtech to sell Viewsat receivers to you or your business.

    6.    Documents sufficient to identify each Viewsat receiver you purchased or otherwise acquired from Viewtech, and the date each Viewsat receiver was purchased or acquired by you.

    7.    All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to your advertisement, marketing, or promotion of Viewsat receivers or any component, device, or technology used with Viewsat receivers.

    8.    A copy of each advertisement, marketing, or promotional effort by you or anyone acting on your behalf relating to Viewsat receivers or any component, device, or technology used with Viewsat receivers.

    9.    Documents sufficient to identify each internet website on which you currently or previously advertised, marketed, promoted, or discussed Viewsat receivers or any component, device, or technology used with Viewsat receivers.

    10.    Documents sufficient to identify each internet alias, pseudonym, moniker, or screen name used by you to distribute, advertise, market, promote, or discuss Viewsat receivers or any component, device, or technology used with Viewsat receivers.

    11.    All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to the products, technology, or services provided by any of the following: EchoStar, DISH Network, NagraStar, Bell ExpressVu, or NagraVision.

    12.    All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to internet key sharing or

"IKS," control word sharing or "CWS," or the unauthorized receipt, interception, or piracy of satellite television programming.

13. All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to the litigation pending between EchoStar and Viewtech, including, but not limited to, your preservation of documents or evidence for that litigation.

14. All documents and communications between you and Viewtech, whether in electronic or hardcopy format, relating to clone, counterfeit, or otherwise unauthentic Viewsat receivers.

15. Documents sufficient to identify each person that purchased or otherwise acquired a Viewsat receiver from you during the period of January 1, 2004 to present date, including, but not limited to, documents that identify each person's name, address, phone number and email address, as well as the purchase date, purchase price, purchase quantity, and model number for each Viewsat receiver.

(Ferguson Decl. ¶ 4, Ex. 3 at 3-5.)

B. <u>Dlahiwal Has Not Responded To The Subpoena By Producing Documents or Raising Objections</u>

Dlahiwal neither responded to DISH Network's Subpoena nor DISH Network's meet and confer letters. (Ferguson Decl. ¶¶ 6, 9.) Moreover, Dlahiwal has not raised <u>any</u> objections to DISH Network's Subpoena. (Ferguson Decl. ¶ 6.) Accordingly, Dlahiwal should be compelled to produce all documents and things responsive to the Subpoena. *See* Fed. R. Civ. P. 37(a).

C. <u>The Information Sought is Relevant to Ongoing Litigation</u>

DISH Network's Subpoena calls for the production of materials that bear directly on many of the claims against Viewtech. One aspect of the case concerns the actual and intended use of Viewsat receivers in circumventing DISH Network's conditional access system and intercepting DISH Network programming. (Ferguson Decl. ¶ 2, Ex. 1 ¶¶ 42, 50-51 57, 61-62, 66, 71-72.) Generally speaking, federal statutes make it unlawful to distribute a device that is marketed,

produced, or primarily used for circumventing an access control or copying measure such as DISH Network's security system, or a device that is primarily used to intercept satellite transmissions such as those broadcast by DISH Network. *See* 17 U.S.C. §§ 1201(a)(2), (b)(1); 47 U.S.C. § 605 (e)(4). The actual use of these piracy devices is equally prohibited. *See* 47 U.S.C. § 605(a); 18 U.S.C. §§ 2511(1)(a); 2520(a). As a consequence, portions of the Subpoena seeking material that relate to the design, use, features, functionality, or marketing of Viewsat receivers, including their pirating capabilities are relevant to issues in the underlying case. (Ferguson Decl. ¶ 4, Ex. 3 at Request Nos. 1, 3-6, 11-14.) Dlahiwa need only produce materials going back to January 1, 2004, which is a reasonable temporal restriction for this case. (*Id.* at Instruction No. 15.)

Another aspect of DISH Network's lawsuit against Viewtech concerns the creation and distribution of software used with Viewsat receivers to intercept DISH Network's programming. (Ferguson Decl. ¶ 2, Ex. 1 ¶¶ 50-51, 56-57, 61-62, 66, 71-72.) DISH Network contends that Viewtech and select website administrators and moderators are involved in creating and distributing Viewsat piracy software, which requires specific and proprietary information about DISH Network's conditional access system. (*See id.* ¶¶ 41, 43, 45-46.) It is further alleged that Viewtech's dealers, at a minimum, support websites that host the piracy software. (*See id.* at ¶ 42.) Thus, requests in the Subpoena that call for material regarding Viewsat piracy software, EchoStar's conditional access system, and Dlahiwa's website ownership and advertising are all proper. (Ferguson Decl. ¶ 4, Ex. 3 at Request Nos. 2, 7-11.)

The Southern District of California has already determined that documents identifying each person that purchased or acquired a Viewsat receiver from Viewtech's dealers is relevant to DISH Network's claims and that DISH Network is entitled to discover this information from Viewtech's dealers. (Ferguson Decl. ¶¶ 7-8, Ex. 6 at 6:6-8:9, Ex. 7.)

Based on the plain language of the DMCA, Communications Act and Wiretap Act upon which DISH Network's claims are based, these categories of documents readily satisfy Rule 26's low threshold standard for relevance and discoverability. *See* Fed. R. Civ. P. 26(b)(1); *Degen v. U.S.*, 517 U.S. 820, 825-26, 116 S. Ct. 1777, 1782 (1996). Consequently, Dlahiwal should be

ordered to respond to DISH Network's Subpoena with all responsive documents, electronically stored information, and other tangible things falling within the scope of the Subpoena.

### D. DISH Network Attempted to Resolve this Dispute without Court Involvement

In an effort to avoid the Court's involvement, DISH Network sent Dlahiwal two meet and confer letters requesting responses to the Subpoena. (Ferguson Decl. ¶¶ 6, 9, Exs. 5, 8.) But Dlahiwal ignored DISH Network's letters just as it ignored the Subpoena and federal law, forcing DISH Network to take court action. (*Id.*)

## IV.  CONCLUSION & PRAYER

For at least the reasons outlined above, DISH Network requests the Court enter an order compelling Dlahiwal to comply with the Subpoena and produce all responsive documents, electronically stored information, and other tangible things within the scope of the Subpoena, within ten (10) days from the entry of such order, and for such other and further relief as the Court deems just and proper.

DATED: December 18, 2009          Respectfully submitted,

By: /s/ David S. Barrett
David S. Barrett (SBN 209986)
david@dsblawoffice.com
LAW OFFICE OF DAVID BARRETT
117 'J' Street, Suite 300
Sacramento, CA 95814
Telephone: (916) 440-0233
Facsimile: (916) 440-0237

Stephen M. Ferguson (*pro hac vice* to be filed)
stephen.ferguson@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorneys for Plaintiffs