# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECHOSTAR SATELLITE L.L.C., et al, | CASE NO. 1:09-mc-00052-SMS |
| Plaintiffs, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL SONNY DLAHIWAL d/b/a TRANSWORLD FTA TO PRODUCE DOCUMENTS PURSUANT TO SUBPOENA** |
| v. | |
| VIEWTECH, INC., et al., | |
| Defendants. | (Doc. 4) |

Plaintiff DISH Network moves to compel nonparty Sonny Dlahiwal d/b/a Transworld FTA to produce documents in response to a subpoena. Dlahiwal has not responded to the subpoena in any way. This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted and applicable law, the Court orders that Plaintiff's motion is denied.

**I.     Background**

Plaintiff DISH Network broadcasts copyrighted pay-television broadcasting to more than 15 million subscribers in the United States. It sued defendants Viewtech and John Kwak, who produce and market "Viewsat" receivers for use in pirating DISH Network's broadcasts. In the course of discovery, DISH Network served Viewtech's dealers, which are not parties to the lawsuit, with subpoenas pursuant to F.R.Civ.P. 45, seeking documents and information relevant to the ongoing litigation.

Dealer Sonny Dlahiwal d/b/a Transworld FTA, which operates in Bakersfield, California, was personally served with a subpoena on June 12, 2009. Dlahiwal has not objected to the

1

subpoena nor responded in any other way despite Plaintiff's multiple attempts to meet and confer with him to secure the requested documents and information.  Accordingly, on December 22, 2009, Plaintiff moved to compel Dlahiwal to respond to the subpoena.

**II.    Discussion**

Rule 45 permits the use of a subpoena to command a nonparty recipient to produce specified books, documents, electronically stored information, or other tangible things in the recipient's possession, custody and control.  F.R.Civ.P. 45 (a)(1)(A)(iii).  After the proponent has served the subpoena, the recipient may elect to comply with the subpoena, or may move to quash based on undue cost or burden, object to the subpoena's form, or challenge the subpoena, according to procedures set forth in Rule 45.  If the recipient fails or refuses to respond to the subpoena, the proponent may first try to negotiate compliance, as by offering to meet and confer, but ultimately, it the recipient fails to comply without adequate excuse, the recipient is in contempt of court, and the proponent must file an application for an order to show cause why a contempt citation should not issue.  *See Alcade v. NAC Real Estate Investments & Assignments, Inc.*, 580 F.Supp.2d 969, 971 (C.D.Cal. 2008).

Plaintiff has not applied for an order to show cause.  Instead, it has brought a motion to compel, pursuant to F.R.Civ.P. 37, which provides for enforcement of discovery requests, not subpoenas.

Even if Plaintiff had properly brought its motion under Rule 45 (e), however, this Court could not have held Dlahiwal in contempt.  Rule 45(e) provides that a "nonparty's failure to obey a subpoena must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).  Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person."  Plaintiff's subpoena to Dlahiwal required him to appear in Sacramento, California, or to mail the requested documents and information to Houston, Texas.  Because both locations are more than 100 miles from Bakersfield, this Court could not have held Dlahiwal in contempt.

IV.     **Conclusion**

In accordance with the foregoing, this Court hereby DENIES Plaintiff's motion to compel.


IT IS SO ORDERED.

**Dated:   February 18, 2010**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE